# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | PHILIP G. REINHARD | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50084 | **DATE** | 4/4/2011 |
| **CASE TITLE** | U.S. ex rel. George Ellis Simmons (#A-25144) vs. Warden Richard Birkey | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion for leave to proceed *in forma pauperis* [#3] is granted. However, the petitioner is ordered to show good cause in writing why the petition should not be summarily dismissed on preliminary review as procedurally defaulted and/or time-barred. Failure to show cause within thirty days will result in summary dismissal of the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The petitioner is reminded that he must provide the court with the original plus a judge's copy of every document filed.

*Philip G. Reinhard*

 **[For further details see text below.]**                                   **Docketing to mail notices.**

---

## STATEMENT - OPINION

George Ellis Simmons, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges, on multiple grounds, his conviction for possession with intent to deliver.

The petitioner having shown that he is indigent (he has a negative balance in his inmate trust account), his motion for leave to proceed *in forma pauperis* is granted. However, the petitioner is ordered to show good cause in writing why the petition should not be dismissed as procedurally defaulted or, in the alternative, as time-barred.

An inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). "Fair presentment . . . requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

In this case, the petitioner filed a direct appeal to the Illinois Appellate Court, but he admits that he did not appeal to the Illinois Supreme Court. The petitioner also filed a post-conviction petition, but again he failed **(CONTINUED)**

| | mjm |
|---|---|

to appeal the denial of that petition to the Illinois Supreme Court. In fact, the petitioner specifically states in his petition, at page six, that "[n]one of the grounds were presented to the State's highest court. . . ." Federal habeas relief is not available if the petitioner failed to exhaust his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). "Failure to exhaust available state court remedies constitutes a procedural default." *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001), *citing Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). If the petitioner procedurally defaulted, federal review of his claims is precluded.

In addition, the federal habeas petition appears to be untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996, "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, including: (1) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* "The time period during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

The petitioner states that the Illinois Appellate Court denied his appeal on May 8, 2008; he then evidently waited until September 15, 2009, more than a year later, to file a post-conviction petition. The limitations period for seeking federal habeas review would seem to have expired during the interim, while no appeal or collateral attack on the conviction was pending in the state court system.

For the foregoing reasons, the petitioner is ordered to show good cause in writing why the petition should not be dismissed as procedurally defaulted or, in the alternative, as time-barred. Failure to show cause within thirty days of the date of this order will result in summary dismissal of the petition for a writ of habeas corpus on initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.